## LAWRENCE v. WARDELL, Collector of Internal Revenue.

(District Court, N. D. California, Second Division. November 16, 1920.)

Internal revenue ☞7—United States citizen residing in Philippines is subject to income tax.

　　Under Revenue Act 1916, § 1 (Comp. St. § 6336a), imposing a tax on the net income received by a citizen or resident of the United States and by nonresident aliens from sources within the United States, a citizen of the United States, who resided in the Philippine Islands during the whole of 1918 is liable to the income tax imposed by Revenue Act 1918, § 210 (Comp. St. Ann. Supp. 1919, § 6336⅛e), in lieu of taxes imposed by the acts of 1916 and 1917.

At Law. Action by W. H. Lawrence against Justus S. Wardell, Collector of Internal Revenue for the First District of California. Demurrer to the complaint sustained.

W. H. Lawrence and Burt F. Lum, both of San Francisco, Cal., for plaintiff.

F. M. Silva, U. S. Atty., of San Francisco, Cal., for defendant.

RUDKIN, District Judge. The sole question presented by the demurrer in this case is this: Is a citizen of the United States who resided in the Philippine Islands during the entire year 1918 subject to the tax imposed by the revenue act of that year?

Section 1 of the act of 1916 (Comp. St. § 6336a) imposed a tax upon the entire net income received by every individual "a citizen or resident of the United States" and upon the entire net income received by every individual "a nonresident alien" from all sources within the United States. This act was amended in 1917 (40 Stat. 300), but the amendment is not deemed material to our present inquiry. Section 210 of the act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛e) imposed upon the net income of every individual a normal tax in lieu of the taxes imposed by the acts of 1916 and 1917.

From those provisions it will be seen that the tax is imposed on citizens of the United States regardless of their place of residence, or residents of the United States regardless of their citizenship, and upon the income of nonresident aliens from sources within the United States. Nothing is found in any other provision of the act in conflict with this view. Thus section 260 of the act of 1918 refers to individuals who are citizens of any possession of the United States, but not otherwise citizens of the United States and the following section provides that returns shall be made by individuals who are citizens or residents of Porto Rico and the Philippine Islands or derive income from sources therein, but makes no reference to citizens of the United States residing in the Islands.

For these reasons I am of the opinion that the tax was properly imposed, and the demurrer is therefore sustained.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes